FILED
CHARLOTTE, NC

SEP 3 0 2025

US DISTRICT COURT
WESTERN DISTRICT OF NC

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| Durand-Marquis: Stanback <br> Plaintiff-Petitioner <br><br> v. <br><br> MECKLENBURG COUNTY <br> Defendant-Respondent | § § § § § § § § Case No. 3:25-cv-755-MOC |

**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

(42 U.S.C. § 1983 — Monell Claim)

---

**Parties**

1. Plaintiff Durand-Marquis: Stanback ("Plaintiff") is a resident of Cabarrus County, North Carolina. He appears pro se in this action.

2. Defendant Mecklenburg County is a political subdivision of the State of North Carolina, subject to suit under 42 U.S.C. § 1983 for policies and customs that violate constitutional rights.

---

**Jurisdiction and Venue**

3. This Court has jurisdiction under 28 U.S.C. §§ 1331 and 1343(a)(3) because this action arises under the Constitution and laws of the United States.

4. Venue is proper in this District under 28 U.S.C. § 1391(b) because all events occurred in Mecklenburg County.

---

**Statement of Facts**

5. On or about March 26, 2025, Plaintiff served affidavits and notices (including a Notice of Special Appearance, Quo Warranto, and Writ of Discovery) on the District Attorney and filed them with the court.

6. On April 25, 2025, Plaintiff filed and served a Motion to Dismiss requiring a response. No response was provided.

7. On July 14, 2025, Plaintiff filed a Notice of Removal under 28 U.S.C. § 1442, served on the District Attorney, filed with the state court, and docketed with the federal clerk.

8. On August 6, 2025, the federal court entered an order remanding the matter to state court. However, the remand order was not mailed until September 3, 2025, as confirmed by the envelope postmark.

9. On August 20, 2025, during the period when federal jurisdiction remained unresolved, a state warrant was issued for failure to appear.

10. On August 21, 2025, Mecklenburg County issued a Bond Forfeiture Notice in the amount of $150,000, processed and mailed by the County Clerk's Office despite unresolved jurisdiction.

11. On August 29, 2025, Plaintiff filed a Motion to Strike with supporting affidavit.

12. On September 3, 2025, Plaintiff filed and served an Emergency Motion.

13. Each decisive filing was served on the district attorney and filed in court. These filings were never ruled upon. The refusal to process or adjudicate them left Plaintiff without meaningful judicial review, amounting to a direct denial of access to courts.

14. The Mecklenburg County Sheriff's Office enforced the August 20th warrant and detention, ratifying the defective process and making it County policy.

15. The Clerk's Office processed the $150,000 bond forfeiture despite clear jurisdictional defects and contrary to Mecklenburg's own Bail Policy requiring least-restrictive, individualized release conditions.

**Policy, Custom, or Practice**

16. Plaintiff's injuries were the result of policies and customs attributable to Mecklenburg County through its Sheriff and Clerk as final policymakers:

- Enforcing warrants despite jurisdictional defects;

- Denying access to courts by refusing to process or adjudicate Plaintiff's pro se filings;

- Ratifying defective process by detaining Plaintiff and imposing bond forfeiture during unresolved federal jurisdiction; and

- Disregarding Mecklenburg's own Bail Policy, which requires least-restrictive, individualized release decisions.

17. By executing the defective warrant and enforcing the bond forfeiture, the Sheriff and Clerk ratified unconstitutional practices, elevating them to County policy under Monell v. Department of Social Services, 436 U.S. 658 (1978).

---

**Comparator Litigation Demonstrating Pattern and Notice**

18. Plaintiff's experience is consistent with other pro se constitutional litigation in Mecklenburg County:

- Green v. McFadden (W.D.N.C. 2023) — pro se detainee sued Sheriff McFadden over unconstitutional jail conditions.

- Crump v. Mecklenburg Cnty. Detention Officers (W.D.N.C. 2022–23) — pro se detainee's complaint passed screening, showing recognition of recurring constitutional claims.

- Miller v. Peterson, et al. (W.D.N.C. 2023) — pro se detainee alleged excessive force at Mecklenburg Detention Center; complaint survived initial review.

- Stevenson v. Mecklenburg Cnty. Jail (W.D.N.C. 2014) — pro se detainee litigation showing over a decade of similar complaints.

- Elmore v. Mecklenburg Cnty. Courthouse (W.D.N.C. 2022) — court disregarded pro se affidavits, illustrating systemic undervaluation of pro se access.

- Wells v. Mecklenburg Cnty. Clerk of Probate Estates (W.D.N.C. 2023) — pro se suit against the Clerk's office, reinforcing a pattern of access-to-court issues.

- Speller v. Mecklenburg Cnty. Jail, No. 3:18-cv-348-FDW (W.D.N.C. 2018) — pro se detainee alleged constitutional violations at the jail.

- eCourts Over-Detention Litigation (2024–25) — Sheriff McFadden sued for unlawful arrests and detentions caused by systemic defects and training failures; claims allowed to proceed.

19. Taken together, these comparators show that Mecklenburg County has been placed on notice for years that pro se litigants face denial of access and unconstitutional detentions, yet the County has taken no corrective action, constituting deliberate indifference.

**Injury**

20. As a direct and proximate result of Mecklenburg County's policies/customs:

- Plaintiff lost his statutory right to appeal the remand due to delayed notice;

- Plaintiff was subjected to an unconstitutional warrant and detention during unresolved federal jurisdiction;

- Plaintiff incurred a $150,000 bond forfeiture, unconstitutional and in direct violation of Mecklenburg's Bail Policy; and

- Plaintiff suffered a direct denial of access to courts, depriving him of meaningful legal remedies.

**Claim for Relief**

(Monell Liability under 42 U.S.C. § 1983)

21. Defendant Mecklenburg County, through its Sheriff and Clerk as final policymakers, maintained policies and customs that caused Plaintiff's injuries in violation of his constitutional rights.

22. These actions and omissions constitute deliberate indifference to the rights of pro se litigants and directly caused the harms suffered by Plaintiff.

**Prayer for Relief**

Plaintiff respectfully requests that this Court:

A. Enter a Declaratory Judgment that Mecklenburg County's policies and customs violated Plaintiff's constitutional rights;

B. Grant injunctive relief, **if necessary**, to prevent ongoing or imminent harm;

C. Grant such other and further relief as the Court deems just and proper.

Respectfully submitted,

Durand-Marquis: Stanback

Plaintiff, Pro Se